HANNIBAL AND ST. JOSEPH RAILROAD COMPANY, Appellant, *v.* LORENZO D. MAHONEY, Respondent.

1. *Practice—Circuit Court — Appeal — Errors on the face of the Record, how revised.*—Where the error complained of in an appeal from the Circuit Court is apparent on the face of the record, it may be revised without the saving of exceptions or the filing of a motion for new trial.
2. *Practice — Circuit Court — Jurisdiction of, when inquired into.*—The question whether the Circuit Court has jurisdiction of the cause may always be inquired into.
3. *Practice — Trespass — Action of, when brought — Construction of Statute.*—The action of trespass is strictly personal, and may be brought anywhere, regardless of the place where the supposed injury happened. Section 3, ch. 163, p. 653, Gen. Stat. 1865, does not apply to actions of that description, but contemplates those where the suit was in the nature of a proceeding *in rem* affecting the land itself.

*Appeal from Sixth District Court.*

Appellant commenced suit in the Circuit Court of Marion county to recover treble damages for certain alleged trespasses in cutting and carrying away timber from certain land situated in

| 42 | 467 |
|----|-----|
| 48a | 499 |
| 42 | 467 |
| 125 | 482 |
| 42 | 467 |
| 126 | 75 |
| 42 | 467 |
| 146 | 59 |

Lewis county, Mo. Respondent filed an answer denying that he wrongfully entered upon said land ; denying the appellant's ownership thereof ; and denying the cutting down of said timber. He then pleaded, in abatement of appellant's suit, the fact that the real estate described in appellant's petition was situated in the county of Lewis. Appellant demurred to that part of the answer pleaded in abatement, which demurrer the court overruled. Appellant then filed a motion to strike out the part. of said answer described in said motion, which appears to have been also overruled. On the trial of the issue joined, the appellant offered evidence tending to prove the allegations in his petition. Defendant objected to the introduction of any evidence in support of the allegations in the petition, for the reason that it was admitted by the pleadings that the land on which the trespass was alleged to have been committed lay in the county of Lewis, and that the suit involved the title to said land, and hence that the court had no jurisdiction, which objection the court sustained, and refused to allow evidence to be adduced. Defendant then moved the court to dismiss the cause on the ground that it had no jurisdiction over it, as was shown by the pleadings. The court sustained defendant's motion, and thereupon dismissed the cause.

Appellant took an appeal to the Sixth District Court, which affirmed the judgment of the Circuit Court of Marion county. The appellant then appealed to this court.

*James Carr*, for appellant.

I. This action is one contemplated by the first section of chapter 163, p. 653, of the General Statutes of 1865, which confers jurisdiction upon the Circuit Court of Marion county, and not one contemplated by the third section of that chapter. This is strictly and purely an action *in personam*. It is for a certain sum of money, *eo nomine et numero*. It does not ask for any relief affecting the title to the realty. The first and third sections preserve the distinction between actions *in personam* and actions *in rem*. In the class of actions provided for in the first section, there must be, *ex necessitate rei*, a personal service of the summons. It is the residence of the one or the other within the county

in which the suit is brought, and the service of the summons, whereby the court acquires the jurisdiction.

In the class of actions contemplated by the third section, the court may acquire jurisdiction by an order of publication, except in the case of an action in ejectment. It is true the law requires the defendant to be summoned, if he reside in the State. But the service of the summons upon him in any of the modes pointed out by the statute is nòt a *sine qua non* to the courts acquiring jurisdiction, as it is in the class of actions *in personam* provided for in the first section. The two sections evidently are based upon the palpable distinction between actions *in personam* and actions *in rem*. In this case the action is purely an action *in personam*. Still, the title is called in question from the nature of the defense. But while the title, from the nature of the defense set up, is called in question, it is not the primary object of the suit; and hence it cannot be said that it is a suit whereby the title is affected, within the purview of the third section. The suit involves the title in a collateral way. The primary object of the suit is not to affect the title. What is meant by the words of the third section, "whereby title may be affected?" It is evidently in those cases where the direct effect of the judgment of the court is to change the legal status of the title, as in the case of a judgment of foreclosure of a mortgage; of partition; for specific performance; to enforce a vendor's lien; to enforce a mechanic's lien; or of a suit to require a party claiming title to litigate or disclaim title, under sections 53–4 of chap. 166, pp. 662–3, of Gen. Stat. 1865; or a *quia timet* under the old equity practice; to remove a cloud upon the title; an information by the prosecuting attorney to declare land escheated to the State. In all these cases the suit would be such as to affect the title to the land; and under our system of recording it is eminently proper that the records of it should be in the county where the land is situated. (Ulrici v. Papin, 11 Mo. 48.)

This is a simple action for trespass to the realty. It is a personal action. How is the plaintiff to know, before the defendant files his answer, that the defendant will deny the plaintiff's title or call it in question in any way until after the answer is filed?

The defendant may admit the title alleged and the trespass alleged in the plaintiff's petition; he may simply controvert the *quantum* of damages; and that not being a traversable allegation, he can controvert as well on an inquiry of damages as with an answer filed. Suppose, then, the plaintiff should institute the suit in the county where the land is situated, and send a summons to the county where the defendant resides, and he pleads in abatement that he and plaintiff both reside out of the county where the suit is instituted, would not the court be warranted in sustaining the plea?

II. An additional argument to demonstrate that a simple action of trespass to the realty is not required to be brought in the county where the land is situated, may be found in Gen. Stat. 1865, chap. 177, p. 698, § 4, prescribing the jurisdiction of justices of the peace. An action for trespass to realty may be maintained before a justice of the peace. But if the defendant calls the title in question in any way, the justice's jurisdiction in the suit instantly ceases. Justices of the peace are not supposed to possess the learning requisite to determine the many subtle questions which arise in the progress of a suit in which the title to land may be called in question; *a fortiori*, where the direct object of the suit is to obtain a judgment affecting the title so as to change the legal status of it.

III. But if the court be of opinion that the Circuit Court of Marion county had no jurisdiction, still it is a court of general jurisdiction; and having acquired jurisdiction by the service of the summons, and the respondent having submitted to the jurisdiction of the court by pleading in bar, he thereby waived his right to plead in abatement. (Phillips v. Bliss, 32 Mo. 427; Ulrici's Adm'r v. Papin, 11 Mo. 48.)

*Redd & McCabe*, for respondent.

WAGNER, Judge, delivered the opinion of the court.

In the District Court the judgment was affirmed without any discussion of the merits of the question raised, simply on the ground that the plaintiff had failed to file any motion for a new

trial or in arrest of judgment in the Circuit Court.   The error complained of is apparent on the face of the record; refers exclusively to the jurisdiction of the court, and may be revised without the saving of exceptions or the filing of a motion for a new trial.

The only question raised by the record is whether the Circuit Court had jurisdiction of the cause; and that may always be inquired into.   The action was brought in the Circuit Court of Marion county against the defendant for trespass alleged to have been committed by him on land lying in Lewis county, claimed by the plaintiff.   The answer denied the alleged trespass, denied that the plaintiff owned the land, but admitted that it was situated in Lewis county, and prayed that the case might be dismissed for want of jurisdiction.   The Circuit Court dismissed the case accordingly.

The action of trespass is strictly personal, and may be brought anywhere, regardless of the place where the supposed injury happened.   But the decision of the court was evidently predicated on the opinion that, by a direct provision of our statute, the suit could only be prosecuted and maintained in the county where the land was situated, after the ownership was denied.

By Gen. Stat. 1865, chap. 163, § 3, it is provided that " suits for the possession of real estate, or whereby the title thereto may be affected, shall be brought in the county within which such real estate or some part thereof is situated."

The point involved in this case has never been before this court or received a direct adjudication.   Can this suit be said to affect the title to real estate within the meaning of the statute?   Unquestionably the law contemplated an action where the real estate was the subject of the controversy, where the suit was in the nature of a proceeding *in rem* affecting the land itself.   In ejectment, to try title or obtain possession, the real estate is the main matter in issue.   In partition, in actions for the foreclosure of mortgages, or to enforce mechanics' or vendors' liens, in petitions for the admeasurement or assignment of dower, and various other cases that might be put, the land is the immediate and primary subject, and the title is clearly affected.

In all such cases, where the title is to be affected, obviously suits concerning the same must be commenced and tried in the county where the land lies. But is the title in anywise affected in an action of trespass? The primary object in trespass is to recover damages, not to try title to real estate; and it matters not which side is successful, the title remains unaffected. The plaintiff cannot obtain judgment without showing title, where his ownership is denied; but his proof of title is collateral, and a mere incident of the real issue, his right to damages.

If the plaintiff shows title sufficient to enable him to maintain his cause of action, the judgment does not operate on the real estate or affect the title thereto. The proof of title only amounts to a link in the chain, among others, of the evidence by which he supports his issue and recovers a general judgment for the wrong done him by the defendant.

To come within the purview of the statute, it must be a case not merely where the title is drawn in question, but where the title is to be affected.

Entertaining these views, our conclusion is that the statute does not apply to a personal action of this description, and that the judgment should be reversed and the cause remanded. The other judges concur.