JOHN H. GREGG, Respondent, v. THE UNION PACIFIC RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, March 7, 1892.

1.  **Real Estate:** WHAT IS NOT: LICENSE: ELEVATOR ON RAILROAD RIGHT OF WAY: AGREED STATEMENT. When one builds a house or fence or places any other erection upon land of another with his permission, and with the intention that it is to be held as the property of the builder, it continues personal property, and the owner may remove it when the license is withdrawn. An agreed statement of facts set out in the opinion is construed, and it is *held* that plaintiff's elevator was placed on defendant's right of way with its consent and was personal property.

·2.  **Actions:** LOCAL AND TRANSITORY: COMMON LAW AND STATUTE.
By the ancient common law all actions were local, but the later
rule was :  If the cause of action be one that might have arisen
anywhere then it was transitory ; if it could only have arisen in
one place then it is local.   Under our statute only replevin, attach-
ment and suits affecting title to realty are directed to be brought in
the court of the *situs* of the property ; all other actions may be
brought where the defendant resides or may be found.

·3.  **Jurisdiction:** TRESPASS. An action for trespass to personal
property ( as an elevator on the right of way of a railroad ) com-
mitted in another state may be maintained in the courts of this
state.

*Appeal from the Jackson Circuit Court.*—HON. JAMES
GIBSON, Judge.

AFFIRMED.

*John W. Beebe*, for appellant.

The court had no jurisdiction of the subject-matter,
as the action was local.  *Northup v. Task*, 39 Wis. 51 ;
Tiedeman, Real Prop., sec. 2, and cases cited ; *Cullers
v. Railroad*, 17 S. W. Rep. 22–23 ; Cooley on Torts,
sec. 471, and cases cited in note 5 at bottom of page ;
*Livingston v. Jefferson*, 1 Brock. 203 ; *Morris v. Rail-
road*, 14 S. W. Rep. 228, and cases cited ; *Railroad
v. Miller*, 19 Mich. 305 ; *Gardner v. Thomas*, 14 Johns.
136 ; Wells on Jurisdiction, sec. 115 ; *Mason v. Warner*,
31 Mo. 510 ; *Bank v. Kercheval*, 65 Mo. 682 ; *Smith v.
Commonwealth*, 27 Amer. Rep. 310 ; *Goff v. O'Connor*,
16 Ill. 422 ; *Tel. Co. v. Middleton*, 80 N. Y. 408; *Crogin
v. Lowell*, 88 N. Y. 258 ; *Mosleyn v. Fabugas*, Cowp.
167–181 ; 1 Smith's Lead. Cases, part 2, p. 1074 ; *Mar-
quette v. Mining Co.*, 66 Cal. 343 ; *Dowden v. State*, 106
Ind. 157 ; *Railroad v. Foster*, 107 Ind. 430 ; Brown on
Jurisdiction, ch. 4, sec. 77.

*Vinton Pike* and *Crosby & Rusk*, for respondent.

( 1 )  It is agreed that plaintiff owned the building
and that defendant owned the ground.   Defendant's

admission of plaintiff's title is sufficient to make it personal estate. *Handforth v. Jackson*, 22 N. E. Rep. 634; *Van Ness v. Pacard*, 2 Peters (U. S.) 137; *Holmes v. Tolmper*, 20 Johns. 29; *Perkins v. Swank*, 43 Miss. 349; *McJunkin v. Dupree*, 44 Tex. 500; *Ford v. Burleigh*, 62 N. H. 388; *Kile v. Giebner*, 7 Atl. Rep. 154; *Railroad v. Deal*, 90 N. C. 111. (2) The foregoing considerations render applicable the rule stated by the supreme court in *Mason v. Warner*, 31 Mo. 510, that where the subject of the injury is movable the action for the damages is transitory. (3) The precise point was before the court in *Railroad v. Mahoney*, 42 Mo. 467, and decided adversely to the appellant. The question was before the supreme court of Nebraska in *Railroad v. Brown*, 46 N. W. Rep. 39, and the same construction was given to similar statutory provisions. Actions which were local at common law, and arise in another state are placed in the same category as similar actions arising within the state. *Tillotson v. Prichard*, 14 Atl. Rep. 307; *Archibald v. Railroad*, 6 S. Rep. (Miss.) 238; *Allen v. Lumber Co.*, 23 N. E. Rep. (Miss.) 581; *Ins. Co. v. Leland*, 90 Mo. 177. (4) The cases cited by appellant are from states where actions for injuries to real property are made local by their codes. Their want of application to this case is made clear by Judge BLISS in his work on Code Pleading, section 285.

GILL, J.—Plaintiff in his petition alleges in substance, that the defendant was controlling, managing and operating a certain line of railroad, known as the St. Joseph & Western railroad, and which passed through or by the station known as Alexandria in the state of Nebraska; that with defendant's consent plaintiff had erected and operated an elevator for handling grain upon the right of way of said railroad; that defendant negligently and carelessly ran a number of cars into and upon said elevator and thereby nearly demolished the same, damaging and destroying the grain therein, etc., to his damage in the sum of $1,000,

for which he prayed judgment. The answer was a special denial in part, and a general denial as to the remainder.

The cause was submitted to the court on the following agreed statement of facts: "It is hereby agreed by the parties to the above-entitled cause that, at the time and place of the injury complained of in the petition, the plaintiff owned the elevator therein mentioned, which was a building for the storing of grain, together with its contents; that said elevator was situated within a few feet of one of defendant's railroad tracks, and was being then and there used by plaintiff by and with the consent of defendant for storing grain; that the said injury then and there resulted from and was caused by defendant's making a running switch, whereby certain cars were propelled against certain other cars of defendant standing upon said track near said elevator, and one of the last-mentioned cars forced and thrown from said track and upon and into said elevator, thereby causing said injury. This agreement shall stand in lieu of all evidence except on account of damages, if any. No other testimony to be introduced on either side."

According to the undisputed evidence the damages were shown to aggregate $695.18. This sum was made up by adding the cost of repairing the elevator (which was $262.82) to the grain lost and destroyed. The trial judge gave judgment for the plaintiff in the said sum of $695.18, and defendant appealed.

I. Defendant's objection to this judgment is thus clearly stated in the motion for a new trial, to-wit: "Under the pleadings and the evidence in this case, the court has no jurisdiction of the cause. The pleadings and the evidence establish the damages, if any, was to real property in the state of Nebraska, and was a local action, and the court has no jurisdiction over the same." Defendant's counsel contends for two propositions: *First*, that this record shows that

plaintiff's elevator property, so destroyed by defendant, was real estate, and, *second*, that damages to such real property, can only be recovered in the Nebraska courts. We must differ with the learned counsel, and shall hold against him on both of these propositions.

Although the language used in the agreed statement of facts may be subject to some technical doubt, we yet think it plainly enough appears that plaintiff's elevator was located on the railroad right of way ; and that he was not a trespasser, nor the owner of the soil, but was there with his property (the elevator and contents ) by right of a license at least from those controlling, operating and managing the road. By the agreed statement of facts defendant admits that plaintiff " was at the time and place of the injury complained of in the petition " the owner of the elevator therein mentioned, etc. The place mentioned in the petition was on the railroad right of way. Hence, it is admitted that plaintiff's elevator is on the railroad's land and not on any land belonging to the plaintiff. And it is admitted, too ( though in somewhat obscure language), that this occupancy of the right of way was by the permission of the defendant. Under these circumstances, then, it is clear that the elevator building was the personal property of the tenant or licensee, and not the real property of anybody. ·'When one builds a house or fence or places any other erection upon the land of another, with his permission, and with the intention that it is to be held as the property of the builder, it continues personal property, and the owner may remove it when the license is withdrawn." *Lowenberg v. Bernd*, 47 Mo. 297 ; *Hines v. Ament*, 43 Mo. 298 ; *Hunt v. Railroad*, 76 Mo. 119 ; *Van Ness v. Packard*, 2 Peters, 137 ; *Perkins v. Swank*, 43 Miss. 349 ; Tiedeman on Real Prop., sec. 2.

But were we to concede plaintiff's action to be one for the recovery of damages to real estate situated in the state of Nebraska even then the Missouri court had

jurisdiction, other statutory requirements of jurisdiction appearing. Our statutes have superseded much of the common law relating to civil procedure; and many actions once denominated *local* are now transitory. By the ancient common law all actions were local. This, however, was in course of time modified, so that the rule was this: "If the cause of action be one that might have arisen anywhere, then it is transitory; if it could only have arisen in one place then it is local." But now our statute law has in direct terms pointed out the proper place or places for bringing suits. R. S. 1889, art. 3, ch. 33. Here suits in replevin, attachment and such as affect the title to real estate, etc., are, as were local actions under the common law, directed to be brought in the court of the *situs* of the property. All other actions (except as may be especially provided for) shall be brought where the defendant resides, or where he may be found, etc., as designated in section 2009, Revised Statutes, 1889. Bliss on Code Pl., sec. 284, *et seq.*

The action we have here is one of trespass, strictly personal, and may be brought anywhere, regardless of the place where the injury happened. *Railroad v. Mahoney*, 42 Mo. 467; *University v. Joslyn*, 21 Vt. 52-59; *Tillotson v. Prichard*, 14 Atl. Rep. 302, 308; *Archibald v. Railroad*, 6 S. Rep. 238; *Railroad v. Brown*, 46 N. W. Rep. 42. The *Mahoney case*, 42 Mo. 467, is conclusive of the point here made, and fully sustains the jurisdiction of the circuit court.

Judgment affirmed. All concur.