ROTHROCK v. CORDZ–FISHER LUMBER COMPANY, *Appellant.*

Division One, November 15, 1898.

146    57
148   515
149   609

146    57
157   168
158   323
158   366
86a   379
86a   381

1. **Appeals**: TRESPASS: TO WHAT COURT. An action for trespass is strictly a personal action. And so a suit to recover $1,200 damages for the cutting down and removing of pine logs from a certain tract of land, alleged to belong to plaintiff, does not involve title to real estate, and the appeal is to one of the courts of appeals.

2. ———: ———: ———: TITLE INVESTIGATED. Although it may be necessary in such an action to investigate the title, because the plaintiff can not recover unless he is the owner, yet, as his title is not in anywise affected by a judgment in said cause, it can not be said that the title to real estate is involved under the language of the Constitution governing appeals. (Overruling *Musick v. Railroad*, 114 Mo. 311.)

*Appeal from Shannon Circuit Court.*—Hon. W. N. Evans, Judge.

Transferred to st. louis court of appeals.

*James Orchard* for appellant.

*John C. Brown* for respondent.

Brace, P. J.—This is an action instituted in the circuit court of Shannon county to recover the sum of $1,200 damages of the defendant, for cutting down, removing and converting to its own use two thousand five hundred pine trees and seven hundred oak trees standing and being on a certain tract of land described in the petition of which it is therein alleged that the plaintiff is the owner, in which the plaintiff obtained judgment in said court for the sum of $300, from which judgment the defendant appeals to this court.

This action does not involve the title to real estate within the meaning of the Constitution, and the appeal should have been taken to the St. Louis Court of Appeals. In the recent case of *Price v. Blankenship*, 144 Mo. 203, Marshall, J., after reviewing the decisions to date on this head, expressed the doctrine of this court upon this subject, in the following language:

"It is now firmly settled that to give this court jurisdiction under section 12 of article VI of the Constitution because the title to real estate is involved, it must appear that the title to real estate will, in some

way, be directly affected by the judgment to be rendered in the case. It was not sufficient that the question of title may be incidentally, collaterally or necessarily inquired into to settle the issues. The judgment to be rendered must directly affect the title itself to the real estate. If the judgment rendered by the lower court could be satisfied by the payment of money, without affecting the title to real estate, the case would not fall within our jurisdiction under this provision of the Constitution." Under the Code of this State "the action of trespass is strictly personal." *Railroad v. Mahoney*, 42 Mo. 467. As WAGNER, J., who delivered the opinion of the court in that case, says, "The primary object in trespass is to recover damages, not to try title to real estate, and it matters not which side is successful, the title remains unaffected. The plaintiff can not obtain judgment without showing title, where his ownership is denied, but his proof of title is collateral and a mere incident of the real issue, his right to damages. If the plaintiff shows title sufficient to enable him to maintain his cause of action, the judgment does not operate on the real estate or affect the title thereto. The proof of title only amounts to a link in the chain among others, of the evidence by which he supports his issue and recovers a general judgment for the wrong done him by the defendant." See, also, *Gregg v. Railroad*, 48 Mo. App. 494.

It is true that in the case of *Musick v. Railroad*, 114 Mo. 311, it was held that "where the record in an action for injury to real property shows that the defense rests upon an adverse claim of right to the possession of the land in question, the cause involves title to real estate within the meaning of the language defining the jurisdiction of the Supreme Court," but as this ruling is inconsistent with the doctrine of this court on

this subject established by a long line of cases precedent and subsequent thereto, it ought to be and is overruled, and this cause is transferred to the St. Louis Court of Appeals for determination.    All concur.