## WOMACH, Appellant, v. CITY OF ST. JOSEPH.

### Division One, March 29, 1902,

1. **Sidewalk: IMPROPER CONSTRUCTION: NO ALLEGATION.** In a suit for personal injuries against a city received by a pedestrian in slipping and falling on a sidewalk, if no allegation of defective construction of the walk is made in the petition, it is proper for the court to instruct, where there has been some evidence of defective construction, that there is no evidence of such fact, and thus confine the jury's attention to the issues made by the pleadings.

2. **Theory of Defendant's Liability: NEGLIGENCE: PRACTICE ON APPEAL.** Where a suit by a pedestrian against a city for injuries sustained by slipping and falling on the ice or snow which has been permitted to accumulate on a sidewalk, is tried on plaintiff's theory of the city's liability, the court giving all his instructions, and those for the defendant are not contrary to his, but only presented defendant's side of the same theory of the law, the court on appeal will not decide whether that theory was or was not the correct law.

3. **Sidewalk: INJURY TO PEDESTRIANS: CONTRIBUTORY NEGLIGENCE: EVIDENCE: MERE SEEING.** In a suit for personal injuries to a pedestrian due to his slipping and falling on a sidewalk covered with rounded, uneven and slippery snow thereon, the fact that the snow was there in plain view to be seen by any one, is some evidence on which to base an instruction for contributory negligence.

Appeal from Buchanan Circuit Court.—*Hon. A. M. Woodson,* Judge.

AFFIRMED.

*Grant R. Watkins* and *H. S. Kelley* for appellant.

(1) The manner of constructing the sidewalk was not an issue in the case, but whether the city was negligent in permitting the snow and ice to accumulate and remain on the

sidewalk in such quantity and shape as to amount to an obstruction or to render it unsafe and dangerous.     Instructions should be confined to the issues and to the law and evidence tending to prove the question at issue.     Morse v. Maddox, 19 Mo. 451. (2) The court erred in giving instruction 2 on behalf of defendant, which told the jury that the defendant was not responsible for snow and ice being on its sidewalks, which produce a slippery condition only, and if the plaintiff slipped and fell and was injured on the sidewalk in question, and such injuries were due solely to the slippery and not the rough condition of said walk by reason of ice and snow being thereon, the verdict must be for the defendant.     This instruction is unfair and misleading, first, in that it separates the slippery condition from the rough condition of the frozen snow and ice on the sidewalk, by telling the jury that if plaintiff's injuries were due solely to the slippery and not to the rough condition of the walk, she could not recover, and second, it was erroneous because it denied the right of plaintiff to recover on account of the negligence of the defendant in permitting ice, whether much or little, to accumulate on the sidewalk, however dangerous it might be to pedestrians passing over that particular walk, and required the rough condition of the walk to be the sole cause of the injury to authorize a recovery.     The sloping or descending condition of the walk at that place and the greater difficulty in walking over it when icy, should be considered in determining whether the city was negligent in regard to it.     If the snow and ice had been permitted to accumulate and had been tramped down in the center of the walk and formed a rounding or oval-shaped surface and became slick and slippery, though not rough, and that condition caused her to fall, the city would certainly be liable and it is readily seen that this instruction is wrong under the evidence.     Boulder v. Niles, 9 Col. 415; Collins v. Council Bluffs, 32 Iowa 324; Dooley v. Meriden, 44 Conn. 117, 26 Am. Rep. 433; Brobung v. Des Moines, 63 Iowa 523, 50 Am. Rep. 756; Street v. Hol-

yoke, 105 Mass. 32, 7 Am. Rep. 500; Day v. Milford, 5 Allen 98; McKean v. Salem, 148 Mass. 109; Mauch Chunk v. Kline, 100 Pa. St. 119, 45 Am. Rep. 364; Cook v. Milwaukee, 24 Wis. 275; Providence v. Clapp, 58 U. S. (17 How.) 161; Paulson v. Pelican, 79 Wis. 445; McDonald v. Ashland, 78 Wis. 251; Corbett v. Troy, 53 Hun 228. (3) The court erred in giving the instruction asked by the defendant which told the jury that even if the sidewalk was in a dangerous and unsafe condition, and that the plaintiff knew, or by the exercise of ordinary care should have known, of the dangerous and unsafe condition, and carelessly or negligently walked or attempted to walk thereon, and in consequence fell, the plaintiff can not recover. This instruction is erroneous because it is without any evidence to support it. The evidence shows that she did not know the condition of the walk, and all she knew about it was what she discovered after she got upon the walk and while trying to walk upon it. There is no evidence that she ever passed over it before that day and time, and there is not one particle of evidence that she was negligent; on the contrary, the evidence shows that she was exercising the greatest care, following along in the path after her son, picking her way as best she could, and that her son was also picking her way, and, besides, she was walking where other people walked, and on the only place she could walk, in the center on the ridge of ice, the surface sloping down towards the sides, so that it could not be walked on. When there is evidence tending to show, or from which the negligence of the plaintiff may be reasonably and rationally inferred or deduced, the question of his contributory negligence may and should be submitted to the jury. Waltemeyer v. Kansas City, 71 Mo. App. 354; Mans v. Springfield, 101 Mo. 614; Flynn v. Neosho, 114 Mo. 567; Bailey v. Railroad, 152 Mo. 449. But where there is no evidence of any negligence on the part of the plaintiff, it is error to submit the question to the jury. Wright v. Kansas City, 18 Mo. App. 436; Waldheir v. Railroad, 71 Mo. 514; Harrison v. Railroad, 74 Mo. 364; Schmidt v. Railroad, 149 Mo. 269.

*Kendall B. Randolph* for respondent.

The court gave every instruction asked by the plaintiff, and if there is any error in any of the instructions it is to be found in those given for the plaintiff, as in none of them was the jury told that the city, after notice, was entitled to a reasonable time in which to remove the obstruction. Baustian v. Young, 152 Mo. 317. Defendant's first instruction is amply sustained by the record. Instruction 2 clearly and correctly states the law. Reedy v. Brewing Ass'n, 161 Mo. 523. Plaintiff's comment on this instruction is unfair for the reason that said instruction contains the following language: "and that such injuries were due solely to the slippery and not to the rough condition," etc.; and the further comment as to the sidewalk being steep is entirely unwarranted for the reason that the petition did not in any manner charge negligence in the plan or construction of the sidewalk. Whether or not the sidewalk was steep was not an issue under the pleadings. Instruction 3 is without fault. Reedy v. Brewing Ass'n, supra. The plaintiff's objections to this instruction are not based on a correct statement of the same. This instruction expressly says "snow or sleet or snow and sleet," and "that the snow and sleet did not accumulate and remain in a rough and uneven condition," etc. The complaint of the appellant as to defendant's instruction on contributory negligence is without merit. Phelps v. City of Salisbury, 161 Mo. 1. Appellant loses sight of the well-established rule of law, that undertaking to do a thing which in itself it is dangerous to do, is negligence. Cohn v. Kansas City, 108 Mo. 387. On the question of contributory negligence the jury should take into consideration all the physical facts and surrounding circumstances. There was plenty of evidence on which to submit this issue, but if there were not, the plaintiff would not be heard to complain of this instruction, as by the plaintiff's own instruction the same issue was submitted to the jury.

VALLIANT, J.—Plaintiff sues for damages for personal injuries sustained by her in slipping and falling on ice and snow on a sidewalk in the defendant city. The allegation of negligence in the petition is: "that snow and ice had been allowed to accumulate and remain in uneven, irregular, rounded and slippery masses and ridges, causing said sidewalk to be unsafe and dangerous for persons traveling thereon;" that such condition had existed several weeks and was known or by the exercise of ordinary care could have been known to defendant. The answer denied the allegations of the petition and contained a plea of contributory negligence.

The testimony on the part of plaintiff tended to prove as follows: Olive street is one of the principal thoroughfares in the city, running east and west. On the south side of the street between Twelfth and Thirteenth streets is a stone wall which is about three feet high at Twelfth and eight or ten feet high at Thirteenth, conforming, its height to the descending grade of the street at that point. Behind the wall is the Everett school. The wall shades the sidewalk so as to prevent snow and ice from thawing as readily as it otherwise would, and as it does on the north side. On December 28, 1898, there had been such an accumulation of snow that it covered the whole sidewalk and it had remained there so long that it had become beaten by travel into a hard ridge in the middle, six or eight inches high, sloping each way to a thickness of about two inches on each edge of the sidewalk. On the top of this ridge was the path on which the pedestrians had to walk and it was rough and slippery, indentations in the snow being made by the feet passing over it, which, after a partial thaw and then a freeze would cause the irregularity; the sides of the ridge were too slippery to walk on. The dangerous condition was also increased by the school children running their sleds over it. On the day above mentioned the plaintiff was walking along the sidewalk on this ridge of snow and ice, using ordi-

nary caution, when, in consequence of the condition described, she slipped and fell, receiving severe personal injuries.

The testimony on the part of defendant tended to show that the janitor of the Everett school was in the habit of cleaning the snow off that sidewalk, and that at the time of this accident, it was in a better condition as to snow and ice than sidewalks in that vicinity generally; that at this time there was some snow and ice on the part of the sidewalk close to the wall, and an occasional slippery spot caused by thawing and freezing, but for the most part the sidewalk was clear and was in good condition considering the natural consequences of the season and the weather.

The court at the request of the plaintiff gave several instructions, the theory of which was that it was the duty of the city to keep its sidewalks in a reasonably safe condition and that if the defendant neglected and permitted ice and snow to remain in an uneven, irregular and slippery condition, so that there was a rigid formation of snow and ice along and in the middle of that walk, and that by reason thereof the same became dangerous, that is, unsafe to travel on by those using ordinary care, and if in consequence of that condition the plaintiff, while exercising ordinary care slipped and fell and sustained injury, the defendant was liable.  On the question of contributory negligence the court instructed that the burden of proof was on the defendant.   At the request of the defendant the court instructed the jury to the effect that the city was not negligent if the condition of snow or ice on the sidewalk was only slippery and not so rough and uneven as to render it unsafe for pedestrians using ordinary care, and not then unless the city had notice, or the condition had so remained long enough for the city to have discovered and removed it by the exercise of ordinary care.   And the court also instructed that if the condition was dangerous and the plaintiff knew it or by the exercise of ordinary care could have known it, yet negli-

gently attempted to walk on it and suffered injuries, she was not entitled to recover. Also that there was no evidence of improper construction of the sidewalk.

The trial resulted in a verdict and judgment for the defendant and the plaintiff brings this appeal. Appellant complains of the instructions given for defendant: first, that the instruction that there was no evidence of improper construction of the sidewalk was not founded in fact, was misleading and there was no such issue in the case. There was no charge in the petition of improper construction, but the plaintiff's evidence brought out the fact that the sidewalk was laid on a hillside sloping from east to west and against the stone wall on the south, which had the effect to catch more snow than if it had not been so constructed. From this evidence the plaintiff sought to draw the inference of improper construction, and as no such issue was tendered in the petition it was proper for the court to take that question out of the case by an instruction.

The plaintiff has no cause to complain of any of these instructions. The case was tried on the plaintiff's own theory. The court gave all the instructions she asked and those given for the defendant were not contrary to the plaintiff's theory but only presented the defendant's side in the same view of the law.

The doctrine on which the plaintiff seems to have prosecuted her case is thus stated by a learned text-writer: "Where a municipal corporation has permitted snow and ice to accumulate and remain upon its sidewalks for an unreasonable time in a rounded, uneven and dangerous condition, and an injury occurs by reason thereof to one who is properly using the walk and exercising ordinary care, the municipality will be liable to him in damages. Where, however, there is no fault in the construction of the way, and the ice or snow has formed with smooth and even surface, the municipality will not be liable for an accident merely because the ice or snow was slippery; nor will it, ordinarily, be liable in any case until

sufficient time has elapsed to clear away the ice or snow."
[Elliott on Roads and Streets (2 Ed.), sec. 625.]   Our view
of the law of this subject is expressed in Reedy v. Brewing
Association, 161 Mo. 523.   Without expressing any opinion,
therefore, on the correctness of the doctrine just quoted
from the text-writer, it is sufficient to say that that was the
theory on which the plaintiff chose to try her case and the
instructions given both for plaintiff and defendant are in ac-
cordance with that theory.   We do not understand the
plaintiff as now questioning the correctness of that view of
the law; the criticism of the instructions are rather in rela-
tion to their forms of expression and we do not think are well
founded in that respect.

It is complained that the instruction on the question
of contributory negligence should not have been given, be-
cause, it is argued, there was no evidence that the plaintiff
knew or could have known the condition.   The evidence
showed that the condition of the sidewalk, whatever it may
have been, was in plain view, and whilst the plaintiff might
not have discovered the danger until she got on the ice, still,
the fact that it was there to be seen was some evidence that
the danger might have been discovered if reasonable care
had been used.

The evidence as to whether the sidewalk was in the
condition that the plaintiff's petition alleges it was, was con-
flicting, there being considerable substantial evidence on the
defendant's side of the question.   The verdict, therefore,
can not be said to be the result of prejudice or passion, and
as it has met the approval of the trial court this court will
not re-weigh the evidence.

We discover no error in the record and therefore the
judgment is affirmed.   All concur.