## ERROR IN ASSUMING THAT THE TESTIMONY GIVEN WAS THE TRUTH.

### Circuit Court of Cuyahoga County.

THE CLEVELAND ELECTRIC RAILWAY v. W. SHERWOOD SYNDER.

Decided, March 11, 1907.

*Trials—Error to Direct Verdict for Plaintiff, When.*

It is the province of the jury to say whether or not the one upon whom the burden of proof has been cast has sustained it, and is error for the court to direct a verdict for plaintiff though his uncontradicted evidence makes a *prima facie* case.

*Squire, Sanders & Dempsey,* for plaintiff in error.
*Excell & Oby,* contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

The action below was brought upon an account which is alleged to have been stated between one Kelso and the Cleveland Electric Railway Company, through its president, H. A. Everett, for expenses incurred by said Kelso on behalf of said company while he was in its service. Kelso afterward assigned the account to the defendant in error, Snyder, who was plaintiff below.

Upon the trial the plaintiff produced a written statement of the account approved, or initialed, "H. A. E." These initials, by the testimony of the secretary of the company who verified its answer denying the account, were written by its president.

The court, upon motion, directed a verdict for the plaintiff. This was error. The court can not assume as a matter of law that the testimony thus given was true, satisfactory or convincing to the jury, simply because no one by words contradicted it. *Gannon* v. *LaClede Gas Light Co.,* 145 Mo., 502.

It is the province of the jury, not of the court, to say that he, upon whom is cast the burden of proof, has, in fact, sustained it. The court may, indeed, in proper cases, direct a verdict for the opposite party, for lack of evidence of an essential fact by him

whose duty it is to prove such fact. But that is not this case. Nor are we here considering a case where the plaintiff's evidence is of such nature as to be legally conclusive and incapable of denial or impeachment.

The plaintiff in error urges other reasons why this ruling of the court below was erroneous, but we deem it unnecessary to examine them. The judgment below is reversed and the cause remanded.