WILLIAM H. WOEHLER, Appellant, v. CITY OF ST. LOUIS, a Municipal Corporation.—114 S. W. (2d) 985.

Division One, April 1, 1938.

238

*Charles G. Kratovil* for appellant.

*E. H. Wayman* and *Jerome Simon* for respondent.

DOUGLAS, J.—This is an action for personal injuries for $25,000. Judgment was for defendant and plaintiff has appealed. In his petition plaintiff alleged that on April 8, 1932, he was in the employ of the defendant city and was working on defendant's truck helping to load bleacher seats at a baseball diamond in Fair Grounds Park in the city of St. Louis when the truck was started suddenly and without warning, causing him to be thrown to the ground and injured. The answer was a general denial. Plaintiff's evidence was that the bleachers were dismantled and the component parts placed in several piles about the grounds. He was a member of a gang of eight men in charge of a foreman and was engaged in loading these parts into a truck. After the truck had been partially loaded he was directed by the foreman to get into the back end of the truck and straighten out the parts that had been loaded. He was doing this when the truck without warning moved suddenly backward and he was thrown off the truck to the ground causing him to be injured. There was testimony that after one pile of the bleacher parts was loaded it was the custom that the truck would be moved on the hand-signal or order of the foreman to another pile and that on this occasion the truck was moved at a signal from the foreman.

As respondent's evidence was limited to medical testimony only, appellant claims that the verdict was against the weight of

240

the evidence and a new trial should have been granted by the court below because his evidence about the happening of the accident was uncontradicted. In this contention he relies on the cases of Whitsett v. Ransom, 79 Mo. 258 and Garrett v. Greenwall, 92 Mo. 120, 4 S. W. 441. These cases are different from the one at bar and are not applicable here because in each of them admissions of material facts in issue were made by the defendants. This difference was discussed in Schroeder v. Chicago & Alton Railroad Co., 108 Mo. 322, 18 S. W. 1094, which said that the benefited party should not be deprived of the full effect of such admission. In that case the defendant denied the allegations of plaintiff's cause of action by its answer but offered no testimony nor made any admission. Under such circumstances it was held that the defendant was entitled to have the triers of fact determine the credibility of plaintiff's evidence, though defendant had offered no evidence to contradict it, and a verdict returned against the plaintiff's evidence might have furnished a matter for the corrective action of the trial court, but not for the exercise of the revisory power of an appellate court reviewing question of law only. The general rule under which we must rule against appellant on this point has been stated in Cluck v. Abe, 328 Mo. 81, 40 S. W. (2d) 558 as follows:

"In a case where the allegations of the petition are denied by the answer, and the plaintiff offers oral evidence tending to support the allegations of the petition, the defendant is entitled to have the jury pass upon the credibility of such evidence even though he should offer no evidence himself. The court has no right to tell the jury that it must believe the witnesses. The jury, in the first instance, is the sole judge of the credibility of the witnesses and of the weight and value of their evidence, and may believe or disbelieve the testimony of any one or all of the witnesses, though such evidence be uncontradicted and unimpeached. [Gannon v. Gas Co., 145 Mo. 502, 46 S. W. 968, 47 S. W. 907, 43 L. R. A. 505; Ford v. Wabash Ry. Co. et al., 318 Mo. 723, 300 S. W. 769, 777, 778; State ex rel. Missouri Gas & Electric Service Co. v. Trimble et al., 307 Mo. 536, 271 S. W. 43, 47, and cases cited; Schroeder v. C. & A. Ry. Co., 108 Mo. 322, 18 S. W. 1094, 18 L. R. A. 827.] . . . The jury passed upon the credibility of the evidence and returned a verdict in favor of defendant. The law is too well settled to need citation of authority, that it was within the exclusive province of the trial court to determine whether or not this verdict was against the weight of the evidence. One of the grounds set up in plaintiff's motion for new trial was that the verdict was against the weight of the evidence. The trial court determined that question when it overruled the motion and refused to grant plaintiff a new trial. We are powerless to interfere with the ruling, because we have no au-

thority to pass upon the weight of the evidence. [City of St. Louis v. Worthington (Mo.), 19 S. W. (2d) 1066, 1067; Sofian v. Douglas (Mo.), 23 S. W. (2d) 126, 129; Hunt v. Gillerman Iron & Metal Co., 327 Mo. 887, 39 S. W. (2d) 369, and cases cited.]''

Appellant, however, insists that the fact that the jury, against the weight of the evidence, found for respondent indicates bias and prejudice on its part. As we are not authorized to pass upon the weight of the evidence, we cannot consider this contention. The same contention was raised in Bloch v. Kinder, 338 Mo. 1099, 93 S. W. (2d) 932, and so ruled. ■ In order further to show bias and prejudice, the appellant tendered with his motion for new trial, the affidavits of two of the jurors complaining of the actions of another juror during their deliberations in the jury room. Nor are we authorized to consider these under the well-founded rule that testimony of jurors will not be received for the purpose of impeaching the verdict of a jury. [Steffen v. Southwestern Bell Telephone Co., 331 Mo. 574, 56 S. W. (2d) 47; Evans v. Klusmeyer, 301 Mo. 352, 256 S. W. 1036; State v. Shields, 296 Mo. 389, 246 S. W. 932; Green v. Terminal Railroad Assn., 211 Mo. 18, 109 S. W. 715; Devoy v. Transit Company, 192 Mo. 197, 91 S. W. 140; Pratte v. Coffman, 33 Mo. 71.]

■ Appellant objects to an instruction given for the respondent on the ground that it was predicated on facts not in evidence. While it is true that an instruction must not stretch beyond the facts in evidence, as stated in the cases cited by appellant, yet in this case we find upon an examination of the instruction complained of and a comparison of it with the appellant's own main instruction, that it did not go beyond the record but merely presented in a negative way the same facts which appellant presented in an affirmative way. Furthermore, a plaintiff cannot complain of an instruction which only presents the defendant's side of the case and in the same view of the law. [Womach v. City of St. Joseph, 168 Mo. 236, 67 S. W. 588.]

■ Objection is also made to an instruction of the respondent on the credibility of the witnesses. This was in the usual form, and advised the jurors that they were the sole judges of the credibility of the witnesses and the weight to be given their testimony and that if they believed that any witness had knowingly sworn falsely to any material facts then they were at liberty to disregard any part or all the testimony of such witness. Such an instruction generally should not be given as a matter of course in every case, but only in those cases where there is some basis for it. The question of whether or not it should be given in a particular instance is necessarily left largely to the sound discretion of the trial court. In the cases cited by appellant in support of his objection, it was

held there was no reasonable basis for giving such an instruction as the evidence was not conflicting. In this case there was a direct conflict in the evidence and we hold that the trial court was justified in giving the instruction. [Bellovich v. Griese (Mo.) 100 S. W. (2d) 261; McCarthy v. Metropolitan Life Ins. Co. (Mo. App.), 90 S. W. (2d) 158; Jacobs v. Danciger, 328 Mo. 458, 41 S. W. (2d) 389; Pappas Pie & Baking Co. v. Stroh Bros. Delivery Co. (Mo. App.), 67 S. W. (2d) 793.]

The judgment is affirmed. All the judges concur, except *Hays, J.,* absent.