Sylvia A. PETTUS, Appellant,

v.

Martha BERGER, Mary Brown, Edward Williams, Sanders Truck Line, Inc., and Davalee Bohnenkamp, Defendants, and Edward Wililams and Sanders Truck Line, Inc., Respondents.

No. 48710.

Supreme Court of Missouri,

Division No. 2.

March 12, 1962.

Roberts & Roberts, by J. Richard Roberts, Farmington, for appellant.

W. H. S. O'Brien, Festus, for respondents.

BARRETT, Commissioner.

This action to recover damages for personal injuries arises out of a multiple motor vehicle collision. In the vicinity of Freedom Hall on Lemay Ferry Road, Highway 61 is a four-lane highway but the north and south traffic lanes are not separated by a median strip. Southbound traffic moves around a curve and then the highway is straight but downgrade. The highway was free of ice, for the most part, on March 17, 1960. But due to the slope of the highway and melting snow this particular strip of pavement was ice-covered for a distance of 300 to 400 feet by 8:30 in the evening. Mrs. Berger, driving a 1951 Buick automobile at a speed of 30 to 35 miles an hour, unexpectedly came upon the ice-covered pavement, applied her brakes and her automobile skidded to a stop in the southbound traffic lanes. Mrs. Brown, driving a 1954 Ford at a speed of 40 miles an hour, saw the headlights of Mrs. Berger's Buick and intended to drive around it in the north traffic lanes, but her automobile skidded sideways on the ice, turned around and came to a stop partly on the right shoulder and partly on the pavement. Edward Williams, operating a tractor-trailer truck, came to this stretch of pavement anticipating ice and had slackened the speed of his vehicle from 40 to 10 or 15 miles an hour. Williams first saw

the two automobiles across the southbound traffic lanes when he was 75 to 100 yards away and "tried to stop gradually, to avoid skid." He applied his brakes "very lightly on and off" to avoid jackknifing the tractor-trailer, put the motor in third gear, and "fanned" his brakes finally intending to go around the automobiles in the northbound lanes. Nevertheless the truck skidded, just barely "tipped" one of the automobiles, and came to a stop in a straight line but across the two southbound lanes with the front wheels of the tractor extending into the inside lane of the northbound traffic lanes. The plaintiff, Sylvia Pettus, was a passenger in a 1957 Buick driven by her daughter, Davalee Bohnenkamp. Mrs. Bohnenkamp, unaware of the ice-covered pavement, came around the curve at a speed of approximately 50 miles an hour and first saw the automobiles and truck when she was "at least 300 feet away." She too applied her brakes "softly" but the automobile swerved and she took her foot off of the brake pedal. According to Mrs. Bohnenkamp, the truck obstructed the third traffic lane. She saw that the fourth lane was "open" and, as she said, started for that lane but didn't make it. There was another vehicle traveling north and she applied the brakes "with vigor and really put them on and held them on" and her automobile "slid sideways," turned around and its rear end struck the corner of the truck.

Mrs. Pettus instituted this suit against Mrs. Berger, Mrs. Brown, Mrs. Bohnenkamp, Edward Williams and Sanders Truck Line, Williams' employer and the owner of the truck. Mrs. Pettus settled her claim against the three women defendants for $27,000 and the action has been dismissed as to them. Upon the trial of her claim for $200,000 damages against Williams and Sanders Truck Line a jury returned a verdict in favor of the defendants and Mrs. Pettus has appealed. And the sole assignment upon the appeal is that the court erred in giving instruction 6 because it "does not require a finding on all charges of negligence submitted in plaintiff's verdict directing instruction."

In substance the plaintiff claims that she hypothesized and submitted two grounds or theories of negligence, (1) Williams' ability to have stopped the tractor-trailer in the outside southbound traffic lane, (2) the truck's blocking three of the traffic lanes, and that the defendant in instruction 6 erroneously ignored one of these grounds and factually hypothesized or conversely directed a verdict upon a finding of but one of the grounds. Johnson v. St. Louis Public Service Co., (Mo.) 255 S.W.2d 815; Martin v. Lingle Refrigeration Co., (Mo.) 260 S.W.2d 562; Dulley v. Berkley, (Mo.) 304 S.W.2d 878, 884. Plaintiff's instruction one contains the usual preliminary statements, then there is a recital that as Williams drove the truck in the southbound lane he saw or should have seen the two automobiles stopped on the pavement "in time thereafter, under the conditions of the highway then and there existing, with the means and appliances at hand and with safety to himself, the tractor and trailer he was driving and other vehicles on said highway, to have stopped the tractor and trailer in the outside southbound traffic lane and that he failed so to do, if you so find." At this point in a thirty-seven line sentence there is a semicolon after the word "find" and there is no request or direction to the jury at this point to find that the hypothesized conduct was "negligent." Following the semicolon the instruction continues, "and if you further find and believe from the evidence that Edward Williams propelled, drove or permitted the tractor and trailer he was driving to turn to the left on said highway and came to a stop, blocking the two southbound traffic lanes of said highway and a portion of the inside northbound traffic lane, if you so find; *and if you further find that in permitting his tractor and trailer to get in such a position,* if you so find it did get into such a position, *was negligent,* and if you further find and believe from the evi-

dence that such negligence, if any, caused or contributed to cause * * *."

In the first place, it is indeed doubtful that plaintiff either as a matter of fact or intention submitted two grounds or hypotheses of negligence. In Coit v. Bentz, (Mo.) 348 S.W.2d 941, the plaintiff claimed to have submitted three separate grounds of specific negligence but the court said that the required and necessary finding of "negligence" referred only to two acts hypothesized as constituting a failure to exercise the highest degree of care and that the preceding recital in the instruction was "a mere statement of the evidentiary facts of the collision, preliminary to the specifications of negligence." The court said that the claim of a submission of a third ground of negligence was an afterthought; "had plaintiff actually intended to submit it as such, he should certainly have required a finding that defendant, in causing and permitting his car to strike the rear end of plaintiff's car, failed to exercise the highest degree of care and was negligent." In this connection the court recommended McVey v. St. Louis Public Service Co., (Mo.) 336 S.W.2d 524, 526, "it required the further findings that in overtaking plaintiff's automobile 'defendant was thereby negligent'; and 'that the defendant negligently and carelessly allowed its said motor bus to run into and collide with' " the rear end of the automobile in which plaintiff was riding. This may appear to be an unnecessary technicality, but here the plaintiff's instruction does not in specific terms require the jury to find that Williams' failure to stop in the outside lane constituted "negligence," rather plainly it requires the jury to find that blocking the highway, permitting the truck *to get in such a position * * * was negligent.* If that is the fact plaintiff's instruction did not submit two grounds of recovery and the defendant was not bound to hypothesize or converse both theories.

But, in the second place, if this view appears to be a strained construction and

unsatisfying, there is a further reason upon this particular record that the plaintiff did not and could not submit two grounds of negligence. There was no evidence in this case to support the first hypothesis that Williams could have stopped the truck in the outside southbound traffic lane. From certain computations on a plat and an engineer's observations, it is said that there is evidence that Williams could have seen the automobiles when he was 500 feet away rather than 300 feet when he and Mrs. Bohnenkamp said they first saw them. It may be that there is such evidence, but there was no testimony, expert or lay, as to the distance in which this truck could have been successfully stopped in the outside traffic lane under the admitted conditions of an ice-covered "slightly downhill" pavement. The fact that Williams did bring the truck to a stop in 300 feet does not support the further inference that he could have stopped in the outside southbound traffic lane in 500 feet because, notwithstanding that he did everything humanly possible, the truck nevertheless skidded on the ice, and, according to the proof of Mrs. Pettus, came to a stop in an unsafe place blocking three traffic lanes. The fact that Williams thus finally brought the truck to a stop in an unsafe place and manner does not prove that he would have had greater success in 500 feet. Since there was no evidentiary basis for the first hypothesis, the recital of the supposed facts would not constitute "negligence" and a ground of recovery and, of course, the defendants were entitled to ignore the hypothesis in their instructions. Boyce v. Donnellan, 237 Mo.App. 63, 73, 168 S.W.2d 120, 125.

Instruction 6 may be unusual in some respects, but the problem here is whether it is manifestly erroneous and demands the granting of a new trial. In greater detail and particularity the instruction hypothesizes the same general circumstances relied on by the plaintiff; it specifically sets forth the facts shown by the defendants' evidence and requires a finding that in the described conditions and circumstances "Williams

was at all times exercising the highest degree of care and was not negligent in any of the particulars set out in Instruction No. 1 submitted to you herein * * *." Whether characterized as a "true converse" instruction, or a mere submission of the defendants' "side of the case," it is not manifestly or reversibly erroneous for the reasons now urged. Woehler v. St. Louis, 342 Mo. 237, 114 S.W.2d 985; Knox v. Weathers, 363 Mo. 1167, 1176, 257 S.W.2d 912, 917; Alberty v. Sunshine Biscuit Co., (Mo.) 321 S.W.2d 418. And, for the reasons indicated, the judgment is affirmed.

BOHLING and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the Court.

All of the Judges concur.