WENZEL MARTINOWSKY, Respondent, v. THE CITY OF HANNIBAL, Appellant.

St. Louis Court of Appeals, March 19, 1889.

1. **Instructions**: CONTRADICTORY AND IRRECONCILABLE. Instructions given, which are contradictory and irreconcilable, necessitate a reversal of the judgment.

2. **Nuisance** : SEVERAL CONTRIBUTORS. Where a water-way is made the receptacle of masses of filth and offensive substances thrown into it by a number of persons at various points along its course, so that a nuisance is created to the injury of an adjacent resident, such injured person cannot maintain an action against all the contributors jointly, but may sue each of them separately, and can then recover in each case only for the proportionate amount of injury caused by the acts of the defendant therein. Nor can a defendant in any one of such cases set up a defense on the ground that the nuisance was a combined effect of all the acts done by himself and others.

3. **Nuisance:** MUNICIPAL CORPORATION. A municipal corporation has no control over nuisances within its corporate limits, except such as is given by its charter, or by the general law. There can be no recovery on a petition against such a corporation for injuries caused by a nuisance, which does not show that the corporation has such a control as makes the wrong a violation of legal duty, imposed by charter or general law.

4. **Practice, Appellate:** NEW THEORY ON APPEAL. A party cannot try a case on one theory in the lower court, and upon another theory on appeal.

*Appeal from the Hannibal Court of Common Pleas.*

HON. GILCHRIST PORTER, Special Judge.

REVERSED AND REMANDED.

*David H. Eby*, for the appellant.

The verdict was against the evidence. The preponderance of the evidence in favor of appellant is such as to show that the verdict was either the result of passion, partiality or prejudice, or that the instructions given at the request of appellant were wholly disregarded. In such cases the appellate court will review the evidence. *Spohn v. Railroad*, 87 Mo. 84. Appellant was not charged with any failure, as a municipal corporation, to abate a nuisance created by other parties. Under cross-examination respondent admitted that his statements, that appellant had constructed and used a sewer extending from a privy on appellant's property to the waterway, were mere suppositions not based upon actual knowledge. *Moore v. Railroad*, 28 Mo. App. 622. The plaintiff could recover, if at all, only upon the cause of action stated in the petition. The nuisance must be proved as laid. Wood on Nuisances, sec. 825, p. 870 ; *Id.* p. 867 (top). Respondent's first and fifth instructions are erroneous. They expressly authorized a recovery against appellant in case the jury found that appellant contributed in any manner to the production of the nuisance complained of. Appellant had no opportunity of disproving any state of facts except that averred in the petition, and was not bound to do so.

*Thomas F. Gatts* and *George H. Shields*, for the respondent.

The appellant, city of Hannibel, was charged with others, in creating and maintaining a nuisance, and in contributing thereto. The appellant, although a municipal corporation, can be held liable therefor at the suits of persons injured, the same as individuals. Sec. 4, art. 1, Charter of City of Hannibal, approved March 8, 1873 ; Wood on Nuisances, sec. 742 and 743, top p. 777-779 ; *Thurston v. City of St. Jo.*, 51 Mo. 510 ; *Wilson v. City of New Bedford*, 108 Mass. 261 ; *Harjser v. Milwaukee*, 30 Wis. 365 ; *Dorman v. Jacksonville*, 13 Fla. 538. Any person who contributes to the production of a nuisance may be made chargeable therewith, although many others contributed thereto, and his act alone could not constitute a nuisance but the combined effect of which is to create an actionable injury and may be made liable therefor, either jointly with others or alone. Wood on Nuisances, sec. 822, top p. 868 ; *Rogers v. Barker*, 31 Barb. (N. Y.) 447 ; *Beach v. People*, 11 Mich. 193 ; *People v. Townsend*, 3 Hill (N. Y.) 479 ; *Duke of Buccleugh v. Coman*, 5 Macph. 214 ; *McAuley v. Roberts*, 13 Grant's Cas. (U. C.) 565 ; *Crosby v. Lightowler*, 2 L. R. Ch. P. 486 ; *Chenango Br. Co. v. Lewis*, 54 Barb. (N. Y.) 111 ; *Rex v. Medley*, 6 C. and P. 292 ; *Losee v. Buchanan*, 51 N. Y. 476 ; *Sutton v. Clarke*, 6 Taunt. 29 ; *The Debris Case*, 16 Fed. Rep. 25 ; *Chipman v. Palmer*, 79 N. Y. P. 56 ; *Clark v. Rochester*, 50 N. Y. Supr. 271 ; *Beckley v. Krohet*, 10 Mo. App. 75 ; Cooley on Torts, p. 608 ; *McMannis v. Lee*, 43 Mo. 206 ; *Many v. Wilson*, 44 Mo. 313. This court will not reverse, where the instructions given substantially submit to the jury all the issues asked by instructions refused. *Schroeder v. Mason*, 25 Mo. App. 190 ; *Chambers v. Benoist*, 25 Mo. App. 520 ; *Oxford v. McNally*, 22 Mo. App. 390 ; *Kling v. City of Kansas*,

27 Mo. App. 231 ; *Shaffner v. Leahy*, 21 Mo. App. 110 ; *Smith v. City of St. Jo.*, 45 Mo. 449. The city is liable whether actively causing the nuisance in connection with others, or permitting it to continue after authorizing others to cause it. Wood on Nuisances, sec. 748, p. 833 ; *Doolittle v. Supervisors*, 18 N. Y. 155 ; *Baker v, Boston*, 12 Pick. 184 ; Wood on Nuisances, sec. 749, 839 ; *Thurston v. St. Jo.*, 57 Mo. 510 ; *Parker v. Macon*, 39 Ga. 725.

Rombauer, P. J., delivered the opinion of the court.

The plaintiff, a resident householder of the city of Hannibal, seeks in this action to recover damages caused to him by a nuisance which is alleged to have been created in the vicinity of his residence, by the city and other real estate owners in said city. Upon the trial of the cause the jury found a verdict for three hundred dollars against the city of Hannibal, and found in favor of the defendants, Aronson and McCann. The plaintiff having prior thereto dismissed his suit against the defendants, Archdeacon, Boughton and Bacon, judgment was entered upon the verdict against the city of Hannibal. Hence this appeal.

The errors assigned by the city are that the verdict is unsupported by any evidence, and that the court's instructions to the jury are erroneous.

The plaintiff's petition, after stating the fact that the city of Hannibal is a municipal corporation and that he is a resident householder, occupying a certain house and lot in the city with his family for residence purposes, proceeds to state his cause of action in substance as follows :

That the city of Hannibal is now, and has been since 1883, the owner of certain real estate in said city ( describing it ), on which it has erected and maintained since 1883, a large brick building, used for a public market house. That the other defendants, Archdeacon,

Aronson, Boughton, Bacon and McCann, are owners of various lots (describing them), containing various buildings used for the purposes of a saloon, curing hides, storerooms and dwellings. That at the date of filing the petition, there was, and that there was on the —— day of April, 1883, "and for a long time prior thereto, a natural stream running contiguous to and on the east side of plaintiff's said property;" "that on and after the —— day of April, 1883, as aforesaid, said defendants have respectively constructed and have continuously used divers sewers and drains that empty and flow into said natural stream and thence down said stream and by the plaintiff's property; that through and into said sewers and drains aforesaid, the defendants empty the contents of privy vaults and sinks, slop water, decaying vegetables and other offal in such quantity from said buildings and premises as aforesaid, as create an unbearable nuisance, and emitting obnoxious smells and vapors from said stream in close proximity to the plaintiff's property to such an extent as to render his property unfit for habitation as his dwelling as aforesaid, and to endanger the plaintiff's health and the health of his family; and that the plaintiff has been greatly damaged in the sum of one thousand dollars, for which he asks judgment."

The defendant, the city of Hannibal, filed a separate answer in which it admitted its corporate existence and its ownership of the property, whereon the market house was erected, but denied all other allegations of plaintiff's petition. The defendants, Aronson and McCann, filed a joint answer, admitting their title to the lands as stated in the plaintiff's petition, but denied all other allegations therein.

Upon the issues thus framed the cause was submitted to the jury under evidence showing substantially the following facts:

The plaintiff was the owner of the real estate described in the petition as his, and resided thereon with

his family.  At the date of filing the petition, and on the ―― day of April, 1883, and for a long time prior thereto, there was a ditch or water-way extending through out-lot sixty-three in which plaintiff's property was located, and contiguous to and on the east side of plaintiff's said property.  Said water-way throughout its entire length, from a point about three-quarters of a mile above plaintiff's said property to the mouth of said water-way, and particularly that portion of the same near plaintiff's said property, had been most of the time for a number of years, in a very filthy, noisome, and unhealthy condition.  Large quantities of manure, filth of all kinds, dead animals and decaying vegetables were thrown into it by unknown parties; and tramps and others used it as a place for fecal deposits.  Said water-way was covered at various places along its route and was covered by a stone arched culvert extending south from the north line of Broadway, and under said street and along and adjacent on the west to the Aronson property, and under said alley as far as the south line of the same, but was open near plaintiff's property.  The defendant McCann, since the year 1883, constructed a pipe sewer extending from his building to and emptying into a sewer known as the Archdeacon sewer, which emptied into said water-way.  McCann's sewer carried the water away from his building.  The defendant Aronson had also constructed a pipe sewer one hundred and twenty-five feet long from his building to his said water-way, the opening of the same being three or four feet south of the south opening of the stone culvert, and on the east side of said water-way.  From the time Aronson constructed his said drain he has continuously used the same; and the defendants, McCann and Aronson, through and into their respective sewers and drains emptied slop waters and other offensive matters from their said respective buildings and premises, and into said water-way.  At the

various times mentioned in the petition, said water-way had become, and was, so far as plaintiff was concerned, "an unbearable nuisance," and thereby plaintiff's property was rendered less desirable for habitation as his dwelling ; his health and that of his family was endangered and his wife and daughter made sick, and the employment of physicians rendered necessary. The city of Hannibal granted permission to A. Aronson to lay a sewer pipe on block 63, and on May 29, 1883, said city granted permission to Loudon & Wisdom to lay down and maintain a tile-drain sewer from their stable on Broadway to connect with the Archdeacon sewer, and on May 29, 1883 said city granted permission to Daniel Archdeacon to construct a ten-inch tile sewer from the premises to the public sewer.

There was no substantial evidence of the fact, that the privy on the market-house lot of the city of Hannibal, was connected by any drain with this water-way. The plaintiff in his examination in chief did state that it was so connected, but, on his cross examination, admitted that all that he knew on that subject was not based on any knowledge, but on mere surmise. The defendant's evidence was overwhelming in establishing the fact that no such connection existed, and that the only drain, the city itself had ever built, was one near the top of the culvert, for the purpose of giving outlet to the surface water on the other side.

The instructions which the court gave at the instance of the plaintiff, and the city of Hannibal, are contradictory and entirely irreconcilable, and such fact alone would necessitate a reversal of the judgment. As the instructions are very lengthy, we will not set them out in detail. We will state, however, that at plaintiff's instance the court instructed the jury in substance that if they found from the evidence that the city, Aronson and McCann, *or either of them*, were guilty of contributing to the erection of this nuisance, that then their

verdict should be for the plaintiff in such an amount, as the jury believes the defendants ought to pay in view of the discomfort, annoyance or endangered health of the plaintiff, or any member of his family. That the defendants could claim no relief, nor any defense by reason of the fact that other persons contributed to the creation of the nuisance or that their act alone did not create the nuisance, provided the combined effect of all such acts created it.

These instructions were erroneous in principle, even had there been evidence connecting the city of Hannibal, as a private owner, with the creation of the nuisance complained of. They seem to have been framed on the theory that in an action on the case for nuisance, each participator becomes liable for the entire damage done, regardless of the fact whether the acts creating the nuisance were joint, provided they were concurrent. Such is not the law.

A person, who contributes to the production of a nuisance, may be made chargeable therewith in a separate action, although many others contributed thereto, and his act alone would not constitute a nuisance, if the combined effect is to create an actionable injury. So if several persons drain their premises in the same ditch, the waters from which are discharged near the premises of another, and produce an injury to his person or his comfortable enjoyment, each of the persons so using the drain is liable, *in separate actions* for the damage occasioned to him. Moon on Nuisance, sec. 831. But in such a case the defendant is chargeable only to the extent of the injury done by himself. *Chipman v. Palmer*, 77 N. Y. 51; *Keys v. Gold Co.*, 53 Cal. 724. When the act producing the injury is not joint, the party can be held responsible only to the extent of injuries inflicted by his own wrong, and a joint action against the parties, whose separate acts produced the

wrong, cannot be brought.    Were the rule otherwise a person, who illegally throws some putrid matter into a highway, might be held legally responsible for the injuries caused by a pestilence that depopulates a city, simply because others, by similar illegal acts added to his own, created the nuisance which bred the pestilence.

There was no demurrer for misjoinder of parties or causes of action in this case, hence if the plaintiff under evidence warranting it, and proper applicatory instructions, had recovered a verdict against the city, for injuries caused to him by the combined acts of the city and others in creating a nuisance, to the extent of the city's share in producing the nuisance, we would not be at liberty to disturb the verdict.    As it is the verdict cannot stand, since there is no substantial evidence to support it, and even if there were, the instructions, determining the plaintiff's measure of damages against the city, are as above seen wholly unwarranted.

Nor could the verdict be supported on the theory, that the city was liable for injuries caused by this nuisance, because it was guilty of some misfeasance in regard to this drain, as a municipal corporation.    The petition lacks every essential element to justify a recovery, on the theory of a negligent or careless execution of a municipal duty.    It fails to state any duty on part of the city, or even any control whatever in the premises.    A municipal corporation has no control over nuisances existing within its corporate limits, except such as are conferred upon it by its charter or the general law, and its duty in the nature of things cannot exceed its powers.    The cases of *Barton v. Syracuse,* 36 N. Y. 54, and *Hardy v. Brooklyn,* 90 N. Y. 436, which are cited and relied on by respondent, are cases of the negligent exercise of a municipal duty, and have no application whatever to the case at bar under the pleadings and the theory on which the cause was tried.    A

party cannot try a case on one theory in the lower court and upon another theory on appeal, in any case ( *Whetstone v. Shaw*, 70 Mo. 575, 580 ; *Walker v. Owen*, 79 Mo. 563; *Holmes v. Braidwood*, 82 Mo. 610, 617 ; *Fell v. Mining Co.*, 23 Mo. App. 216, 224), much less can he do so where the averments of his petition do not admit of a theory contended for on appeal.

It results that the judgment must be reversed. Reversed and remanded. All the judges concur.