ARCHER V. PANCOAST *et al.*, Receivers, Respondents,
v. THE A. SIEGEL GAS FIXTURE COMPANY,
Appellant.

### St. Louis Court of Appeals, December 18, 1894.

1. **Practice, Appellate**: PRESUMPTIONS OF KNOWLEDGE OF WITNESS CONCERNING MATTERS TESTIFIED TO. When the contrary does not appear, it will be presumed that a witness on whose testimony the verdict is based had adequate knowledge of the matters to which he testified.

2. **Pleading**: VARIANCE. The receivers of a corporation brought suit on the theory of goods sold and delivered by the corporation prior to the receivership, but established at the trial a sale by themselves. *Held*, that the variance was not fatal, and that the record did not disclose that the defendant had been misled.

3. ———: COMMINGLING OF SEPARATE CAUSES OF ACTION IN ONE COUNT. A defendant can not by objection to evidence at the trial take advantage of the commingling of several causes of action in one count in the petition.

*Appeal from the St. Louis City Circuit Court.—*HON.
DANIEL DILLON, Judge.

AFFIRMED.

*Geo. W. Taussig* for appellant.

*Judson & Taussig* for respondents.

ROMBAUER, P. J.—The plaintiffs sue as receivers of the Archer and Pancoast Manufacturing Company, hereinafter designated as the Archer Company, for a balance alleged to be due to them upon an account for merchandise sold. The petition charges that the merchandise was sold and delivered to the defendant by the Archer Company, and a copy of the account was annexed to, and filed with the petition. The answer is a general

denial. The cause was tried by jury, the trial resulting in a verdict and judgment for the plaintiffs for the amount claimed. The defendant appeals, and assigns various errors which are noted hereafter.

The only evidence on the trial bearing on the points now presented was the deposition of one Bristol, who testified that he was the cashier and chief bookkeeper both of the Archer Company and of the receivers; and that he had knowledge of the account of the Archer Company and its receivers with the defendant. A copy of the account filed with the petition was thereupon shown to the witness, and he was asked whether the goods mentioned therein were actually ordered by the defendant. He replied: "They were actually ordered in the way that I noted down here at the side, how the orders were given." To this answer the defendant at the trial objected as incompetent and not the best evidence, and asked that the answer be stricken out, which objection the court overruled, and the defendant excepted. No such objection, however, was made when the deposition was taken.

An inspection of the original deposition shows that the answer of the witness was this: "They were actually ordered in the way that I have noted down here at the side how the orders were given. *Some of them were given to the salesmen, and in some of the letters from them they refer to the orders which were given to the salesmen. Some of the orders were given by telegrams, and some by letters.*" The court, on defendant's objection to the entire answer, struck out the portions placed in italics above. An inspection of the original deposition further shows that, in explanation of his answer, the witness had marked in pencil in the margin of the account the manner in which each order was received. The omission of these memoranda in copying the account into the transcript of the record, coupled with the ruling of the

court, makes the answer obscure. Now, while the ruling of the court was erroneous, since, for all that appears, the orders to the plaintiff's salesmen were given by the defendant in the presence of the witness, we can not see how the defendant was prejudiced by the ruling. Its effect appears to have been to deprive the plaintiffs of *some* testimony to which they were clearly entitled, and to make parts of the testimony of their witness obscure. Sufficient, however, is left in the deposition to make a *prima facie* case in favor of the plaintiff both as to sale and delivery, since the witness was not cross-examined as to his knowledge of the correctness of the account, and as no want of any familiarity with it appears from any other part of his deposition.

What has been above said also disposes of the second assignment of error by the defendant, namely, that there is no substantial evidence warranting the recovery. The witness Bristol testified as to the general correctness of the account, both as regards its items and the reasonableness of the prices therein charged. What his means of knowledge on that subject were did not appear. For all that appears, the defendant may have expressly admitted the correctness of every item in the account to the witness himself. The witness testified the goods were all shipped to the defendant. There was no evidence that they were not shipped at the defendant's risk, that is, delivered to the carrier as his agent, nor that the defendant failed to receive them. In absence of any test of the knowledge of the witness on the subject, and in absence of any countervailing evidence, we must accord the testimony of the witness its greatest probative force in support of the verdict rendered. In the absence of any opposing evidence we would not be warranted in throwing the plaintiffs out of court, because they have not made as full proof of their case as they might have done. All that the law

Pancoast v. Gas Fixture Co.

requires a plaintiff to do in such a case is to give some substantial evidence of the facts entitling him to a recovery, and this the plaintiffs have done in the present instance.

It appeared by the deposition of Bristol that some of the items of merchandise, amounting in value to $205.39, were sold and delivered to the defendant by the plaintiffs after they became receivers, whereas the petition counted on goods sold and delivered by the Archer Company prior to the plaintiffs' receivership. When the plaintiffs made proof of this part of their account, the defendant objected both on the ground of variance, and on the ground of a commingling of separate causes of action in one count. As the corporation continued to exist nothwithstanding the receivership (*Heath v. Railroad*, 83 Mo. 617), and as the plaintiffs were bound to sue as receivers on either account, we can not see how the variance was fatal within the purview of sections 2096 and 2097 of the Revised Statutes of 1889. No claim was made at the trial, or is made now, that the defendant was misled to his prejudice by the variance. The proper course unquestionably would have been to state this part of plaintiff's claim in a separate count. The deposition of the witness by which these facts appeared was filed May 4, 1894, and the cause was tried on the twelfth of June following; hence, if the defendant desired to object to the commingling of different causes of action in one count, he had ample time and opportunity to do so by appropriate motion. *Welsh v. Stewart*, 31 Mo. App. 376, 384. No advantage of such a defect can be taken by objection to the evidence, or by motion in arrest.

Seeing no error in the record of which the defendant can justly complain, we affirm the judgment. All the judges concurring, it is so ordered.