HEMAN, Appellant, v. LARKIN et al., Respondents.

St. Louis Court of Appeals, November 29, 1904.

1. **PRACTICE: Departure: Special Taxbill: Quantum Meruit.** In an action to enforce the lien of a special taxbill for constructing sidewalk, where the defense was that the work was not done in accordance with the contract, plaintiff could recover only on showing a substantial compliance, and in the absence of such showing, could not recover *pro tanto*.

2. ———: ———: ———: ———. An instruction authorizing a *pro tanto* recovery was inconsistent with instructions directing a recovery in case of substantial compliance, and was properly refused.

3. **APPELLATE PRACTICE: Departure Shifting Position.** The appellate court will not consider a case upon a theory different from that on which it was tried in the court below.

4. ———: ———: ———. And the appellate court will not undertake to determine whether the theory, upon which the case was presented in the trial court, was correct or erroneous.

Appeal from St. Louis City Circuit Court.—*Hon. O'Neill Ryan*, Judge.

AFFIRMED.

*Hickman P. Rodgers* for appellant.

(1) (a) Failure to comply with specifications for work, affects the extent, and not the right of recovery, in suits to enforce special taxbills. Charter, City of St. Louis, art. 6, sec. 25; R. S. 1899, pp. 2513-2514; Creamer v. Bates, 49 Mo. 523; Neenan v. Smith, 60 Mo. 292; Heman v. Gilliam, 171 Mo. 371, 71 S. W. 173; Construction Co. v. Loevy, 78 S. W. 613; Steffen v. Fox, 56 Mo. App. 9. (b) The right to *pro tanto* recovery in such cases is now well recognized by the courts. St. Joseph v. Willshire, 47 Mo. App. 125; St. Joseph v. Dillon, 61 Mo. App. 317; Paving Co. v. Hezel, 76 Mo.

App. 135. (2) (a) A duly authenticated special tax-bill makes a prima facie case. Wolfort v. St. Louis, 115 Mo. 139, 21 S. W. 912; Heman v. Franklin, 99 Mo. App. 346, 73 S. W. 314. (b) It is incumbent upon defendant to demand reduction in its amount when entitled to it, and not upon plaintiff to offer it, even though the proceeding arises in a justice court. (c) And the facts constituting any defense looking to its reduction or defeat, should be specifically pleaded. Guinotte v. Ridge, 46 Mo. App. 254; Vieths v. Planet F. & P. Co., 64 Mo. App. 207; City of Carthage v. Badgley, 73 Mo. App. 123.

*Geo. W. Lubke, Jr.,* for respondents.

(1) This action being on a taxbill, substantial compliance with his contract with the city of St. Louis had to be shown by plaintiff in order to recover and a *quantum meruit* recovery could not be had. Heman v. Gerardi, 96 Mo. App. 231, 69 S. W. 1069; Bank v. Payne, 31 Mo. App. 572; Meyer v. Wright, 19 Mo. App. 283; Eyerman v. Cemetery Ass'n, 61 Mo. 489. (2) The instruction given for the defendants, authorizing a verdict in their favor, if the jury found that the materials used by plaintiff in repairing defendant's sidewalk were not such as were specified in the contract between plaintiff and the city of St. Louis, was properly given. It correctly submitted the issue which the parties by the evidence made and even though this evidence was inadmissible under the pleadings, to have refused this instruction would have been error. Madison v. Railroad, 60 Mo. App. 599; Stewart v. Goodrich, 9 Mo. App. 125; Freiermuth v. McKee, 86 Mo. App. 64. (3) Even though this case had been tried on an erroneous theory, both parties having adopted the same theory, the verdict should not on that account be disturbed on appeal. Phelps v. Salisbury, 161 Mo. 1, 61 S. W. 582; Mirrilies v. Railroad, 163 Mo. 470; 63.

S. W. 718; Johnson-Brinkman Co. v. Bank, 116 Mo. 558, 22 S. W. 813; Drennon v. Dralincourt, 56 Mo. App. 128; Hilz v. Railroad, 101 Mo. 36, 13 S. W. 936; Johnson v. Hutchinson, 81 Mo. App. 299; Bettes v. Magoon, 85 Mo. 580. (4) Nor will the appellate court undertake to determine whether the theory was correct as a matter of law. Womach v. St. Joseph, 168 Mo. 236, 67 S. W. 588.

REYBURN, J.—This, an action based on a special taxbill issued by the city of St. Louis, was tried on appeal from a justice's court in the circuit court before a jury, which returned a verdict for defendants. The answer of defendants embraced a general denial, a plea of the special statute of limitations and a counterclaim, the latter of which was excluded by the court at the inception of the trial. The taxbill was read in evidence, being in usual form and its non-payment proven, making out the usual prima facie case for plaintiff, and evidence was offered tending to show when the statement and bill were filed in the justice's court, the summons issued and the usage in such court to make out such writs from day to day and deposit them in a pigeon hole for due service by the constable. Defendant introduced testimony tending to show that prior to the trial plaintiff repaired the sidewalk concerned, they had been notified by the street commissioner to repair it and within the time specified in such notice, defendant had caused the sidewalk to be repaired and thereafter it was in good condition. After further evidence of the same tendency, plaintiff objected to its continued introduction, assigning that the action of the street department in requiring defendants to make repairs was final, and not open to inquiry, which position the court upheld. Defendants also introduced testimony that the contract between the city and plaintiff, under which plaintiff performed the work, required the use of first-rate even-sized red brick, commonly known

as paving brick, and in the repairs made plaintiff did
not employ paving brick of the quality designated, but
an inferior different kind of brick; that the sidewalk,
which was in dimensions fifty feet in length by twelve
feet in width as repaired by defendants, was entirely
torn up by plaintiff and no new sand put on the bed,
but the sand was smoothed and excepting a row of
one brick wide on three sides and two bricks deep on
the curb side next to the street, which was laid with
bricks from the old sidewalk, the new bricks put in
were soft, known as salmon bricks, unsuitable for pav-
ing purposes and not of the description provided by
the city contract, commonly known as paving brick.
That the sidewalk was laid by plaintiff in 1897, and
some of the bricks of that portion most in use by ped-
estrians had been worn down one-third of their former
thickness and they absorbed the water in times of rain.

In rebuttal, plaintiff offered proof that the brick
used in the repairing was of the kind and quality re-
quired by his contract with the city, that the premises
abutting the sidewalk in question were used continu-
ously from the time of making the repairs to the time
of trial as a shop for making and repairing wagons,
and during such period empty wagons were frequently
run across the sidewalk to and from the street to the
wagon shop, and at date of trial the sidewalk in front
of such premises was in good condition and reasonably
safe for pedestrian's use.

The court charged the jury in a series of instruc-
tions appropriate to and comprehensive of the issues
and exhibiting the opposite theories, including the fol-
lowing at plaintiff's instance:

"The jury are further instructed that in making
said sidewalk repairs under the contract between plain-
tiff and the city, plaintiff was not required to strictly
and literally comply with the specifications for same
and was required to substantially comply therewith,
and if you believe from the evidence that the work was

done by plaintiff with the materials prescribed by the contract and that when completed the sidewalk was a substantial compliance with the specifications, then you should conclude that said specifications were fully complied with.''

After the instructions asked by plaintiff had been marked given by the trial judge, and while the latter was considering the instructions of defendants, and before any instructions had been read to the jury, plaintiff asked in vain an additional instruction in form following:

''The court instructs the jury that under the law and evidence in this case, plaintiff's recovery cannot be entirely defeated, if the jury believe from the evidence that the repairs made by the plaintiff were of any value to defendant's property; provided you further believe that the original summons dated December 5, 1899, was delivered to the constable or one of his deputies within three days of its date.''

The bill of exceptions narrates that at the outset of the case, the respective attorneys stated to the court and jury, what they expected to prove by the evidence and upon what theory they expected severally either to recover or defeat recovery in the case; the plaintiff, by counsel, stating he expected to prove, additional to the execution of the taxbill, that the work called for in it had been done and therefore he was entitled to recover the amount of the bill. The defendants in turn stated in like manner, that they placed reliance on three distinct defenses, the first being that the suit was not begun within two years from date of the bill; second, that before the work in question by the plaintiff, the city, in accordance with its charter, had notified defendants to repair the sidewalk, and within the time specified in such notice defendants had repaired it, and it was in good repair at the time plaintiff did the work, and finally, that the work was not done by plaintiff in accordance with the terms of his contract with the city,

in that the quality of new brick used was not that speci-fied in such contract.

Under the express language of the charter of the city of St. Louis, a certified taxbill, is made prima facie evidence·that the work and material charged in such bill have been furnished and of the execution of the work, of the correctness of the rates of prices, amount thereof and of the liability of the person therein named as owner of the land charged with such bill to pay same, but the same section also in explicit terms reserves to the party charged with payment, the right of pleading in reduction of the bill the unworkmanlike nature of the work, the subject of the impost and provides for a tender of the estimated value of the work before the action is begun and thereby avert payment of costs, in event the recovery shall not exceed such tender. Article 6, sec. 25. The appellant's position sought to be now maintained is, that the rejected instruction, characterized as justifying a *pro tanto* recovery, should have been given, and an instruction given at defendants' instance negativing the theory of a *pro tanto* recovery therefore should not have been given for the same reason, as well as for the additional objection thereto that such defense was not embraced in defendants' answer in its general denial. From the foregoing recitals and history of the trial, it is apparent that the parties hereto proceeded at trial upon the theory that to justify plaintiff's recovery of the full amount of the taxbill in suit, a rigid and literal compliance with the specifications of the city contract was not indispensable, but that a substantial fulfillment of the terms of such contract in the performance of the work sufficed and entitled recovery of the full face of the bill and such is the tenor of plaintiff's instruction. The defendants announced and assumed the reverse position, that in showing plaintiff had not adopted for the work the quality of materials prescribed, defeated any recovery, and after they had introduced testimony toward that

direction plaintiff in rebuttal introduced counter-testimony that the contract had been substantially fulfilled, and the sidewalk after repairing was in good condition. There is no intimation in the record of the sidewalk and the repair work thereto being of diminished or of partial value, or that by reason of the inferior quality of brick used therein by plaintiff, the sidewalk was of a value less than the face amount of the taxbill. The record is equally barren of any objection to defendants' evidence assailing the execution of the work, that such testimony was inadmissible under the general issue pleaded and to be competent such issue must be specified in defendants' answer. The appellant candidly recognizes that his action was for recovery of the full amount of the bill and not on *quantum meruit* and in any aspect the contention for *pro tanto* recovery is repugnant to and inconsistent with the instructions obtained by him directing recovery if a substantial fulfillment in lieu of literal compliance with the city contract was found and for that reason its declination was proper, and if given, defendants might have made complaint that the instructions were inharmonious. Stone v. Hunt, 94 Mo. 475, 7 S. W. 431; Straat v. Hayward, 27 Mo. App. 585; Martinowsky v. City of Hannibal, 35 Mo. App. 70.

The instruction complained of, authorizing a verdict in favor of defendants, if the jury found the description of brick used was not that specified by the city contract, was responsive to the issues tendered by the parties, and toward which the trial evidence had been directed without objection from appellant, so he cannot now be heard to object to such instruction, even if the evidence supporting it would have been excluded at proper objection. Madison v. Railway, 60 Mo. App. 59; Freiermuth v. McKee, 86 Mo. App. 64. Nor can appellant shift from the theory upon which he tried the case, although such theory may not have been faulty and the appellate tribunal will not undertake to

determine whether the theory was correct or erroneous. Martinowsky v. Hannibal, supra; Womach v. City of St. Joe, 168 Mo. 236, 67 S. W. 588; Phelps v. City of Salisbury, 161 Mo. 236, 61 S. W. 582; Mirrielees v. Railway, 163 Mo. 1. c. 486, 63 S. W. 718.

The judgment is affirmed. All concur.