EWART et al., Respondents, v. YOUNG, Appellant.

St. Louis Court of Appeals, May 22, 1906.

1. **PRACTICE: Statute of Frauds: Timely Objection.** Objection to a contract sued on, on the ground that it is within the Statute of Frauds, comes too late after judgment.

2. **REAL ESTATE BROKER: Commission.** Where two real estate brokers were entitled to a joint commission and one of them acknowledge payment in full, the other could recover only one-half of the amount of the commission.

Appeal from Wayne Circuit Court.—*Hon. E. M. Dearing,* Judge.

AFFIRMED *si.*

*S. R. Durham* for appellant.

*M R. Smith* and *O. L. Munger* for respondents.

BLAND, P. J.—In 1903 the defendant owned an eighteen-hundred-acre tract of land in Wayne county, Missouri, about eight hundred acres of which was in cultivation; eight hundred and forty acres, or thereabout, lie in the hills and are unsuitable for cultivation. Being desirous of selling the tract, defendant appointed Mrs. H. O'Brien, of Ironton, Missouri, his agent to sell the land on an agreed commission. Afterwards Mrs. O'Brien, with defendant's consent, engaged the services

of plaintiff Ewart to assist her in finding a purchaser, agreeing to divide the commission evenly with him. Without the knowledge of Mrs. O'Brien or defendant, Ewart called on S. E. Newhouse, a land agent having an office in the city of St. Louis, and engaged his services to assist in the sale of the land. Newhouse found a purchaser in the person of Francis Baldwin, of the State of Iowa, whom he turned over to Ewart. Ewart and Baldwin went to Williamsville, where the land is situated, and after making an examination of the land, Baldwin agreed to take eight hundred and forty acres of the tract at twenty thousand dollars. On September 17, 1903, Young and wife gave Baldwin their written obligation to convey the eight hundred and forty acres on the payment of the purchase price. At this time and before the signing of the contract to convey, as confirmatory of his verbal contract to pay a commission for the sale of the land, defendant signed and delivered to Ewart the following memorandum, to-wit:

"Williamsville, Mo., Sept. 17, 1903.
"I hereby confirm my agreement made with E. P. Ewart and Mrs. H. O'Brien which was to sell and deed to them or to any party designated by them my farm of eighteen hundred acres adjoining the town of Williamsville, Wayne county, Missouri, for the sum of seventeen thousand dollars, any amount above seventeen thousand dollars to go to them and their agents as commission for making the sale. You to pay any interest that may accrue on present deed of trust $7,000 before March 10, 1904, when land is to be deeded.
(Signed.)                              "JOHN W. YOUNG."

After the sale of the eight hundred and forty acres to Baldwin, it seems some disagreement arose between Ewart and Mrs. O'Brien in respect to a division of the commission. Ewart claimed that Newhouse was entitled to one-third of the commission. Mrs. O'Brien objected to sharing the commission with Newhouse and, on June

17, 1904, received from Young twelve hundred dollars and receipted him in full for her share of the commission. Ewart paid the interest on the seven-thousand-dollar mortgage, as he agreed to do, and there is no dispute about the amount of money due as commission on the sale. Ewart contends that under the contract defendant was bound to convey to him, or to any person he might designate, not only the land sold to Balwin, but also the balance of the tract, and demanded of defendant a deed to the land not conveyed to Balwin. Defendant refused to comply with this request and the suit is to recover the value of the unsold land, shown by the evidence to be worth from one to three dollars per acre. Defendant testified that it was expressly agreed and understood between himself and Ewart at the time the sale was made to Baldwin, and after he had given Ewart the written memorandum of the contract, that he was to retain the land not included in the sale to Balwin. Ewart denied that any such agreement was made.

The issues were submitted to the court by agreement of the parties. The court found the issues against Mrs. O'Brien but in favor of the plaintiff and assessed his damages at eight hundred and forty dollars. No declarations of law were asked or given.

1. Defendant contends that as the suit is on a contract for the sale and conveyance of lands, the written memorandum of the contract is insufficient to take it out of the Statute of Frauds, and for this reason plaintiff cannot recover. The petition contained a copy of the memorandum agreement. There was no demurrer filed, nor was the writing objected to as evidence when offered on the trial. The point that the writing is insufficient to take the contract out of the Statute of Frauds was not raised on the trial. It was raised for the first time after judgment, in the motion for new trial. The office of a motion for new trial is to call the attention of the court to errors that intervened on the trial, not to raise

new points or to inject objections and exceptions that should have been made and saved on the trial of the case. The objection to the sufficiency of the writing, therefore, came too late to be available as a defense, and the defendant will be held bound by the conduct he adopted on the trial of the case. [Benton Land Co. v. Zeitler, 182 Mo. 251, 81 S. W. 193; Drug Co. v. Bybee, 179 Mo. 354, 78 S. W. 579; Dice v. Hamilton, 178 Mo. 81, 77 S. W. 299; Gayle v. Missouri Car & Foundry Co., 177 Mo. 427, 76 S. W. 987; MacDonald v. Tittmann, 96 Mo. App. 536, 70 S. W. 502; Heman v. Larkin, 108 Mo. App. 392, 83 S. W. 1019.]

2. The court made a special finding that the land was worth eight hundred and forty dollars; also that Mrs. O'Brien had been paid her commission in full. The evidence is, that the commission was to be equally divided between Mrs. O'Brien and Ewart. Mrs. O'Brien had the right to relinquish her claim or interest in the land to the defendant, and she did this as effectually by the receipt she gave him as if she had given him a formal release. Her interest in the land was not transferred to Ewart, but was surrendered to the defendant, and there is no reason or justice in awarding plaintiff the full value of the land as damages. He is only entitled, under the evidence, to one-half of its value; therefore, it is considered that unless within ten days from the date of the filing of this opinion the plaintiff remit in writing four hundred and twenty dollars of his judgment, the judgment will be reversed and the cause remanded: if a timely remittitur is filed the judgment will be affirmed for four hundred and twenty dollars. All concur.